DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the application of Marcel Huggins, appellant, to reopen his appeal pursuant to App.R. 26(B) due to ineffective assistance of appellate counsel. For the reasons stated herein, the application is denied.
 {¶ 2} Appellant was indicted for possession of more than 100 grams of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(f) with a major drug specification. R.C. 2941.1410. Appellant entered a plea of no contest to an amended offense of possession of crack cocaine in an amount of more than 25 grams but less than 100 grams, a violation of R.C. 2925.11(A) and (C)(4)(e). The offense carries a minimum penalty of three years incarceration and a maximum of ten years incarceration. Appellant agreed to a jointly recommended sentence of seven years, and waived his right to a presentence investigation report. The trial court sentenced appellant to a seven year term in prison and suspended his driver's license for three years. A nolle prosequi was entered as to the major drug offender specification.
 {¶ 3} On appeal, appellant set forth five assignments of error. The assignment relevant to this application stated, "The Trial Court's sentencing the Defendant to seven years did not comport to R.C. 2953.08(G) and S.B.2." Appellate courts are precluded from reviewing a sentence when it has been "authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D). This court found the assignment not well-taken, and appellant's sentence was affirmed. State v. Huggins, 6th Dist. No. L-02-1289, 2003-Ohio-3843.
 {¶ 4} Appellant filed this application to reopen his appeal on October 20, 2004. Pursuant to App.R. 26(B)(1) and (2)(b), if an application for reopening is not filed within 90 days of the journalization of the appellate judgment, an appellant is required to show good cause for the delay in filing. Appellant is indisputably beyond the filing deadline. In order to be reopened on the merits, "[a]n application for reopening shall be granted if there is a genuine issue as to whether the appellant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). We will first consider whether good cause for appellant's untimely filing exists, then consider whether he has demonstrated a genuine issue through "[o]ne or more assignments of error * * * not considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26 (B)(2)(c).
 {¶ 5} As to whether good cause for untimely filing exists, appellant points to the failure of appellate counsel to file a sentencing hearing transcript with the record. Appellant states in his affidavit that he did not discover the lack of a sentencing transcript until recently and that a transcript is now prepared. Appellant further states that it was not until he had reviewed the sentencing transcript that he could determine whether "certain viable, appealable issues should have been raised in [the] initial Appeal by Trial and Appellate Counsel." Appellant cites State v. Walker, (August 31, 2001), 6th Dist. No. L-97-1405, as precedent to reopen an appeal based on the lack of a sentencing transcript.
 {¶ 6} In Walker, an application to reopen an appeal was also untimely filed. This court found good cause for the delay where the sentencing hearing had never been transcribed or submitted as part of the record on appeal. Appellate counsel had been prejudiced from discovering the alleged errors at an earlier date. After finding good cause to overcome the untimely filing, the court considered whether appellant was prejudiced by appellate counsel's failure. The court ultimately reopened the appeal because appellant was prejudiced when the trial court failed to give reasons for the imposition of consecutive sentences, in violation of R.C. 2929.14(E) and 2929.19(B)(2). Appellate counsel's failure to raise this as an assignment of error on appeal raised a colorable claim of ineffective assistance of appellate counsel. Indeed, after reopening the appeal, this court reversed and remanded on that basis. Id.
 {¶ 7} Appellant has established good cause for untimely filing based on his appellate counsel's failure to have the sentencing hearing transcribed and included in the appellate record. However, we still must consider whether his claims of ineffective appellate assistance of counsel have merit.
 {¶ 8} The Supreme Court of Ohio has held that an individual seeking reconsideration pursuant to App.R. 26(B) must first "put forth a colorable claim of ineffective assistance of appellate counsel * * *." State v. Murnahan (1992), 63 Ohio St.3d 60, 66. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Washington (1984),466 U.S. 668, 687.
 {¶ 9} Appellant has asserted no genuine issue of deprivation of effective assistance of appellate counsel. Here, appellant points to his counsel's failure to raise error regarding the "non-minimum" sentence imposed by the trial court. However, this error was addressed on appeal pursuant to the jointly recommended sentence and R.C. 2958.08(D). Thus, this argument does not meet the requirement of App.R. 26(B)(2)(c).
 {¶ 10} Appellant also argues that the lack of a sentencing transcript is sufficient to reopen his appeal. In Walker, the lack of a sentencing transcript was only sufficient to establish good cause for untimely filing. Walker demonstrated merit in reopening beyond appellant's counsel's failure to file a transcript. An appellant must assert an assignment of error or an argument in support of an assignment of error that was not previously asserted, App.R. 26(B)(2)(c), and an appellant must attach the transcript to the application, App.R. 26(B)(2), to give merit to a claim of ineffective appellant assistance. If both requirements are not met, an appellate court cannot divine what merit an application may have.
 {¶ 11} For the foregoing reasons, we cannot conclude that appellant was prejudiced by his appellate counsel's performance. Appellant's application for reopening is denied.
Application denied.
Handwork, P.J., Lanzinger, J., Singer, J., Concur.