OPINION
{¶ 1} Defendant, Tim Cargle, appeals from the sentence the trial court imposed at resentencing on remand from this court.
 {¶ 2} Originally, Defendant was indicted on one count of aggravated robbery with a firearm specification in each of two cases, 2002-CR-538 and 2002-CR-620. Pursuant to a plea agreement, Defendant pled guilty to both aggravated robbery charges and one of the firearm specifications. The trial court sentenced Defendant to five years imprisonment on each count of aggravated robbery, to be served consecutively, and to three years on the firearm specification which by law must be served consecutively, for a total sentence of thirteen years. On direct appeal we reversed the judgment of the trial court and remanded the case for resentencing because the trial court had failed to make the statutory findings necessary to impose more than the minimum sentence and to impose consecutive sentences. State v. Cargle
(August 22, 2003), Montgomery App. No. 19495, 2003-Ohio-4424.
 {¶ 3} On October 9, 2003, at the resentencing hearing, Defendant stipulated to an agreed sentence of five years on each count of aggravated robbery, to be served concurrently, and three years on the firearm specification, which by law must be served consecutively, for a total sentence of eight years. Once again the trial court did not make any findings supporting its imposition of more than the minimum sentence.
 {¶ 4} On March 11, 2004, we granted Defendant leave to file a delayed appeal. He has presented one assignment of error challenging his sentence.
 {¶ 5} "The trial court erred in failing to sentence the appellant to the minimum sentence on remand after being given the opportunity by this court to do so and failing to state that the shortest term either would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender as instructed by this court."
 {¶ 6} Defendant argues that the terms of imprisonment he received upon resentencing are contrary to law because the trial court failed to make the statutory findings necessary to impose more than the minimum sentence. See: R.C. 2929.14(B)(2); Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. Defendant alleges that the trial court was obligated to make these statutory findings even though his sentence was agreed upon by both parties and jointly recommended to the trial court. The State responds that because Defendant's latest sentence was an "agreed sentence" within the meaning of R.C. 2953.08(D), the sentence is not reviewable on appeal. We agree.
 {¶ 7} R.C. 2953.08(D) provides, in pertinent part:
 {¶ 8} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 9} At the sentencing hearing the following colloquy took place:
 {¶ 10} "JUDGE KESSLER: It's my understanding, Mr. Cicero, that we're back for Re-Sentencing on an agreed sentence that was established by the Court; correct?
 {¶ 11} "MR. CICERO: That's correct, Your Honor. He's prepared to stipulate to the sentence.
 {¶ 12} "JUDGE KESSLER: All right.
 {¶ 13} "Mr. Cargle, anything you wish to say before the Court modifies this sentence?
 {¶ 14} "THE DEFENDANT: Uh . . . yes. I would like to say that I'm, uh . . . sorry for the crimes that I committed and I realize it was wrong. I'm takin' the necessary steps to rehabilitate myself, and, you know, get on the right track.
 {¶ 15} "JUDGE KESSLER: Good. I'm glad.
 {¶ 16} "The agreed term of confinement then with respect to the two felony first-degree offenses in these two case numbers that are presented to the Court is a term of five years of confinement at the Ohio Department of Rehabilitation and Correction, with the additional sentence on a Firearm Specification of three years. This is required by law to be served consecutively with the underlying term.
 {¶ 17} * * *
 {¶ 18} "These sentences are ordered served concurrently with each other."
 {¶ 19} In this case the record demonstrates that Defendant agreed to the sentence the trial court imposed upon remand from this court. In that circumstance a defendant waives his or her right to appellate review of that sentence if the sentence is one authorized by law. State v. Carson (October 22, 2004), Montgomery App. No. 20285. The sentence imposed here, five years for a first degree felony, is clearly authorized by law because it falls within the permissible sentencing range of three to ten years and does not exceed the maximum allowable sentence. R.C.2929.14(A)(1); State v. Powell (January 22, 1999), Greene App. No. 98CA33; State v. Johnson (December 21, 2001), Clark App. No. 2000-CA-46, 2001-Ohio-7023.
 {¶ 20} Thus, because all three conditions in R.C. 2953.08(D) are satisfied in this case, the sentence imposed by the trial court following remand from this court is not reviewable on appeal. Johnson, supra; Carson, supra.
 {¶ 21} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Young, J., concur.