JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals the six-year sentence he received as part of a plea agreement for five cases.[1] The state amended the indictments in each of the separate cases so that defendant was charged with seven separate robbery counts, all second-degree felonies in violation of R.C.2911.02. Defendant pled guilty to each of the seven counts. Each robbery conviction carried a possible prison term of two to eight years.[2]
According to the state, the parties agreed that defendant would receive a total sentence of "six years of incarceration, with no judicial release" as part of the plea bargain. Tr. 6.
 {¶ 2} On February 28, 2001, a sentencing hearing was held for all five cases. As agreed, defendant received a six-year prison term for each of the seven robbery convictions, with each term to run concurrently with the others. The parties agree that the court did not make any of the statutory findings set forth in R.C. 2929.14(B)(2), discussed infra.
 {¶ 3} In this delayed appeal, defendant presents a sole assignment of error:
"The trial judge erred in sentencing the appellant to more than the minimum sentence for the offense of robbery, R.C. § 2911.02."
 {¶ 4} Defendant argues that his six-year prison term is contrary to law because the trial court failed to make the statutory findings required by R.C. 2929.14(B) and (C).[3] Absent the requisite findings, defendant argues, the trial court could not impose more than the minimum two-year sentence for a second-degree felony.
 {¶ 5} The state counters that defendant has waived any complaint about his sentence because he consented to the terms of the plea agreement pursuant to R.C. 2953.08(D).
 {¶ 6} When a defendant agrees to a specific term of incarceration as part of a plea bargain that sentence is generally[4] not subject to appellate review. R.C. 2953.08(D) provides as follows:
"A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
State v. Stansell, (Apr. 20, 2000), Cuyahoga App. No. 75889, 2000 Ohio App. LEXIS 1726, at *13. A defendant's sentence which is "jointly recommended by the defendant and the prosecution, and imposed by the trial court, is not reviewable on appeal. R.C. 2953.08(D)." State v.Atchley, Franklin App. No. 04AP-841, 2005-Ohio-1124, at ¶ 10; State v.Rivers, Trumbull App. No. 2003-T-0170, 2005-Ohio-1100, at ¶ 9; State v.Huggins, Lucas App. No. L-02-1289, 2004-Ohio-6163, ¶ 3; State v. Rojas,
(July 1, 2004), Tuscarawas App. No. 2004-AP-03-0018, 2004 Ohio App. LEXIS 3284, at 12; State v. Thomas, Montgomery App. No. 18943, 2002-Ohio-1895, 2002 Ohio App. LEXIS 1896, at *6; State v. Schoolcraft, Pike App. No. 01CA673, 2002-Ohio-3583, at fn. 3; State v. Harris, (Dec. 31, 2001), Franklin App. No. 01AP-340, 2001 Ohio App. LEXIS 5989, at *8.
 {¶ 7} In the case at bar, defendant, who had not previously served a prison term, argues that his sentence is not "authorized by law" because he received more than the minimum two-year sentence for a second-degree felony.[5] Defendant admits, however, that he voluntarily entered into the plea agreement and that he agreed to the state's suggested six-year prison term. Under R.C. 2953.08(D), in effect, when a defendant has voluntarily agreed to a sentence, a defendant waives his "right to appellate review of that sentence if the sentence is one authorized by law." State v. Cargle, Montgomery App. No. 20274, 2004-Ohio-6671, at ¶19, discretionary appeal not allowed by State v. Cargle, 2005-Ohio-1024, 2005 Ohio LEXIS 541 (Ohio, Mar. 16, 2005), citing State v. Carson,
Montgomery App. No. 20285, 2004-Ohio-5809.
 {¶ 8} "A sentence is authorized by law under § 2953.08(D) as long as the prison term imposed does not exceed the maximum term prescribed by the statute for the offense." State v. Walker, (Dec. 6, 2001), Cuyahoga App. No. 79630, 2001 Ohio App. Lexis 5401, at *4.
 {¶ 9} In the case at bar, defendant agreed to a six-year prison term. Six years is not the "maximum term" for a second-degree felony. Eight years is the maximum. Accordingly, defendant's six-year term of incarceration is authorized by law.
 {¶ 10} More specifically, however, defendant argues that because the trial court did not make the findings specified in R.C. 2929.14(B) and (C), he could receive only the minimum two-year prison term. Accordingly, defendant concludes that his six-year prison term is contrary to law.
 {¶ 11} This court has previously addressed this precise issue. InState v. Walker, supra, appellant argued that his sentence was void because the trial court imposed an agreed sentence of more than the minimum without stating its reasons. This court held that the sentence was authorized by law because "the trial court imposed a sentence that was jointly recommended by the State and appellant's attorney" and because the sentence "did not exceed the maximum". The court concluded therefore that it "may not review appellant's sentence." 2001 Ohio App. LEXIS 5401, at *4 and *5, following State v. Kimbrough, 2000 Ohio App. Lexis 769. See also, State v. Gibson, Cuyahoga App. No. 83069, 2004-Ohio-3112, ¶ 15, appeal denied by State v. Gibson,103 Ohio St.3d 1481, 2004-Ohio-5405.
 {¶ 12} In Gibson, Walker, and Kimbrough, this court rejected the claim that findings are required when the court imposes an agreed sentence. We are not persuaded by the cases Defendant cites in support of requiring findings because they did not involve agreed sentences. Thus we find no reason to deviate from this court's prior decisions.
 {¶ 13} We further note that Defendant's plea agreement with the state constitutes an enforceable contract. As this court explained in State v.Robinson, Cuyahoga App. No. 82801, 2004-Ohio-740:[6]
"A plea bargain itself is contractual in nature and subject to contract-law standards. State v. Butts (1996), 112 Ohio App.3d 683,686, 679 N.E.2d 1170, 1172; see Fanning v. Ins. Co. (1881),37 Ohio St. 339.
A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration. Perlmuter Printing Co. v.Strome, Inc. (N.D. Ohio 1976), 436 F. Supp. 409, 414. A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract. Episcopal Retirement Homes, Inc. v. Ohio Dept. ofIndus. Relations (1991), 61 Ohio St.3d 366, 369, 575 N.E.2d 134.
* * * "In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea." State v. Woyan, (July 21, 1997), Athens App. No. 96 CA 1772, 1997 Ohio App. LEXIS 3182, at *10."
Id., at ¶ 11- ¶ 13.
 {¶ 14} In the case at bar, defendant entered into a contract with the state. In exchange for defendant's guilty pleas, the state nolled Case No. 401709 and amended the indictment in Case No. 401452. In Case No. 401452, defendant pled guilty to robbery, a second-degree
 {¶ 15} felony, rather than aggravated robbery, a felony of the first degree.[7] Under R.C. 2929.14(A)(1), aggravated robbery mandates a definite term of imprisonment between three and ten years. Further, as part of his consideration for the state's reduced charges, defendant agreed to a six-year prison term to run concurrently with his other sentences. Accordingly, defendant's plea agreement is an enforceable contract.
 {¶ 16} In his final argument, defendant claims that his sentence of more than the minimum is unconstitutional under the U.S. Supreme Court's decision in Blakely v. Washington, (2004) 124 S.Ct. 2531, 159 L.Ed.3d 403. This general argument was recently addressed in this court's en banc decision of State v. Atkins-Boozer, (May 31, 2005), Cuyahoga App. No. 84151, which held that R.C. 2929.14(B), the statute governing the imposition of sentences above the minimum, does not implicate the Sixth Amendment as construed in Blakely.[8]
 {¶ 17} Furthermore, Blakely addresses only those instances in which a judge makes findings statutorily required for the imposition of certain sentences. Because we conclude in the case at bar that as a result of the plea agreement no findings were required, Blakely does not apply for this very specific reason.
 {¶ 18} Accordingly, defendant's sole assignment of error is overruled.
Judgment accordingly.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and McMonagle, J., concur.
[1] The five amended cases include Case Nos. CR-401627 (three counts of robbery), CR-401916 (one count of robbery), CR-401453 (one count of robbery), CR-401452 (one count of robbery), and CR-402729 (one count of robbery.) Defendant had another case, Case No. CR-401709, which the state nolled as part of defendant's plea agreement.
[2] The parties agree that each amended robbery offense carries a presumption of incarceration.
[3] In part, the statute provides as follows:
(A) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(4), (D)(5), (D)(6), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
* * *
(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
[4] There are two major exceptions: "It is unethical under the Ohio Code of Professional Responsibility for a prosecutor to negotiate and a criminal defense attorney to advise a defendant to enter a plea agreement that waives the defendant's appellate or postconviction claims of ineffective assistance of trial counsel or prosecutorial misconduct." Ohio Board of Commissioners on Grievances and Discipline, Opinion 2001-6 syllabus.
[5] R.C. 2929.14(A)(2) specifies the sentencing range for a second-degree felony: "(2) For a felony of the second-degree, the prison term shall be two, three, four, five, six, seven, or eight years."
[6] Appeal denied by State v. Robinson, 2004 Ohio LEXIS 1673.
[7] The offense of aggravated robbery is a felony of the first degree under R.C. 2911.01(C).
[8] I separately note, however, that because I believe the en banc procedure this court used in Atkins-Boozer is unconstitutional and dissented for that reason, as well as on the merits, I reluctantly follow this court's decision while I await a ruling from the Ohio Supreme Court.