DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court upon the application of appellant, Kenneth Cook, to reopen the appeal from his conviction after a no contest plea to driving with a prohibited alcohol level.
 {¶ 2} On March 31, 2005, this court issued a decision and judgment entry affirming appellant's conviction. In that direct appeal, appellant raised four assignments of error: that the trial court erred in admitting the affidavit of Detective Shinaver who averred to the authenticity of the attached packet of documents certifying that the breath test machine was functioning properly and that the officer performing the test was certified to do so; that the state failed to introduce evidence that the breath test was properly conducted or that the machine had its calibration properly checked as required by Department of Health requirements; and that the state failed to establish probable cause to arrest the defendant for driving under the influence of alcohol. Appellant has now filed a timely motion to reopen his appeal, setting forth two additional assignments of error.
 {¶ 3} App.R. 26(B)(5) provides for the reopening of an appeal based on a claim of ineffective assistance of appellate counsel if the applicant can show "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Regarding this requirement, to determine whether appellant has stated a colorable claim of ineffective assistance of appellate counsel, we apply well-established rules set forth by the United States Supreme Court and the Supreme Court of Ohio.State v. Myers, 102 Ohio St.3d 318, 2004-Ohio-3075. The two-pronged analysis found in Strickland v. Washington (1984),466 U.S. 668, 687 * * * is the appropriate standard to determine whether a defendant has received ineffective assistance of appellate counsel." State v. Hughbanks, 101 Ohio St.3d 52,2004-Ohio-6, ¶ 4. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, supra at 687. See, also, State v. Bradley (1989), 42 Ohio St.3d 136, at paragraph two of the syllabus. In applying Strickland, we conclude that appellant raises a genuine issue of ineffective assistance of appellate counsel on some, but not all, of the questions presented in his application.
 {¶ 4} App.R. 26 (B)(2) provides in pertinent part:
 {¶ 5} "(2) An application for reopening shall contain all of the following:
 {¶ 6} "* * *
 {¶ 7} "(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellant's counsel's deficient representation;
 {¶ 8} "(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record; * * *"
 {¶ 9} Regarding the requirements of App.R. 26(B)(2)(c) and (d), in his sworn statement current appellate counsel claims that direct appellate counsel was ineffective for failing to file a transcript of the suppression hearing. We agree that appellate counsel's failure to provide this court with a transcript of the suppression hearing was error. See State v. Walker (Aug. 6, 1999), 6th Dist. No. L-97-1405. However, the inquiry does not end there. This court must also determine whether appellant was prejudiced by this failure. Id.; State v. Huggins, 6th Dist. No. L-02-1289, 2004-Ohio-6163. In his sworn statement, appellate counsel cites portions of our March 31, 2005 decision in which we concluded that we could not conduct meaningful reviews on several issues because the transcript of the suppression hearing was not made a part of the record. Indeed, primarily due to a presumption of regularity of the proceedings at the trial level because we did not have the transcript to review, we found appellant's second, third, and fourth assignments of error not well-taken. Specifically, relative to appellant's second assignment of error we held that we could not conduct a meaningful review with regard to three out of the five alleged areas of noncompliance with Department of Health regulations relative to breath testing and calibration of the BAC DataMaster. State v. Cook, 6th Dist. No. WD-04-029, 2005-Ohio-1550, at ¶ 32. In addition, relative to appellant's third and fourth assignments of error we stated:
 {¶ 10} "Appellant's third and fourth assignments of error concern the stop, the field sobriety tests, and the arrest. Without the transcript of the suppression hearing, we cannot review these assignments of error and must presume the regularity of the proceedings below." Id. ¶ 33, citing Natl. City Bank v.Beyer (2000), 89 Ohio St.3d 152, 160.
 {¶ 11} In State v. Carpenter, 6th Dist. No. E-00-033, 2002-Ohio-4824, we reopened an appeal based on appellate counsel's failure to file a transcript of a suppression hearing. On appeal of the appellant's conviction, we had determined that appellant's failure to file the transcript prevented our review of the claimed error. Id. ¶ 5. Therefore, we concluded that appellate counsel's performance was deficient and appellant presented a genuine issue as to whether he was deprived of effective assistance of appellate counsel. Id. ¶ 6.
 {¶ 12} Similar to Carpenter, we conclude that appellant was prejudiced on his original second, third, and fourth assignments of error by appellate counsel's failure to file the transcript of the suppression hearing. As required by Huggins, current appellate counsel has attached a transcript of the suppression hearing to the instant application as exhibit five. Huggins, at ¶ 10. Thus, appellant's application to reopen his appeal is found well-taken with regard to his original second, third, and fourth assignments of error based on the fact that it was considered on an incomplete record because of appellant's counsel's deficient representation.
 {¶ 13} Next, we must determine whether one or more of the assignments of error or arguments in support of the assignments of error now raised by current appellate counsel previously were not considered on the merits in this case by this court. The language of the first phrase of App.R. 26(B)(2)(c) provides for reopening an appeal if there are such arguments and they are related to deficient appellate counsel representation. Initially, we find it necessary to examine the ramifications of the fact that appellant's trial counsel and his direct appellate counsel was the same individual. Initially, we note that an appellant's trial counsel could not realistically be expected to argue his own incompetence. State v. Hutton, 100 Ohio St.3d 176,2003-Ohio-5607, ¶ 39; State v. Cole (1982), 2 Ohio St.3d 112,114, fn. 1. Based upon this tenet, a line of Eighth District Court of Appeals cases have disallowed a reopening, based in part on the fact that the appellant's trial counsel and direct appellate counsel were the same. See State v. Smith, 8th Dist. No. 84687, 84688, and 84689, 2005-Ohio-2711; State v. Nero, 8th Dist. No. 47782, 2003-Ohio-268; State v. Cruz, 8th Dist. No. 78475, 2002-Ohio-3238. In Smith, in his App.R. 26(B) application, the appellant argued that his appellate counsel was ineffective for not arguing that his trial counsel was ineffective on two issues. The court noted that because an attorney cannot be expected to argue his own incompetence during a trial, an appellate counsel who was also trial counsel is not ineffective for failing to argue the ineffectiveness of trial counsel. Smith at ¶ 3, citing State v. Lambrecht (1989),58 Ohio App.3d 86; State v. Stovall (Jan. 22, 1998), 8th Dist. No. 72149, reopening disallowed, (Feb. 10, 1999), Motion No. 98564;State v. Viceroy (May 20, 1996), 8th Dist. No. 68890, reopening disallowed (Mar. 25, 1999), Motion No. 1910; State v. Fuller
(Nov. 8, 1993), 8th Dist. Nos. 63987 and 63988, reopening disallowed (Oct. 14, 1994), Motion No. 56538; and State v.Scott (Sept. 7, 1995), 8th Dist. No. 67148, reopening disallowed (Jan. 28, 1998), Motion No. 83321. Therefore, the court disallowed the reopening.
 {¶ 14} In the present case, in both his sworn statement and his assignments of error, current appellate counsel does not specifically argue that direct appellate counsel should have raised ineffective assistance of trial counsel. However, as will be discussed, ultimately counsel's ineffective assistance at the trial level is at the heart of one of current appellate counsel's assignments of error. To the extent that the ineffective assistance of trial counsel is implicated in any of appellant's new assignments of error, they are not proper bases for a reopening of an appeal pursuant to App.R. 26(B). See Smith;Nero; Cruz.
 {¶ 15} In his first assignment of error, appellant asserts the following:
 {¶ 16} "I. The court committed substantial prejudicial error by finding that the breath testing machine was properly calibrated.
 {¶ 17} "Issue 1. The state's exhibit 1 affidavit was insufficient as a matter of law to support the trial court's finding that the state had complied with the Department of Health regulations.
 {¶ 18} "Issue 2. The state failed to introduce any evidence regarding several requirements challenged by the defendant."
 {¶ 19} The substance of appellant's claim of error relative to the first issue, the admission of Detective Shinaver's affidavit, implicates trial counsel's failure to raise authentication issues at the suppression hearing or in his motion to suppress. All of the arguments of trial counsel (and direct appellate counsel — the same individual) centered on appellant's constitutional right to confront a witness and Evid.R. 803 regarding hearsay. Prior counsel did not specifically address authentication issues which appellate counsel now raises via citation to cases that focus on Evid.R. 1003 and 1005. The substance of appellant's claim on the second issue, substantial compliance with Department of Health regulations, clearly is on point with direct appellate counsel's second assignment of error and could be considered as part of the reopening of that assignment.
 {¶ 20} In his second assignment of error, appellant asserts the following:
 {¶ 21} "II. The state failed to establish probable cause to arrest the defendant for driving under the influence of alcohol.
 {¶ 22} "Issue 1. The field sobriety tests in this case should not have been considered for probable cause to arrest the defendant.
 {¶ 23} "Issue 2. Without the field sobriety tests the officer did not have sufficient evidence to establish probable cause to believe that the defendant was driving under the influence of alcohol."
 {¶ 24} The substance of appellant's claim on this second assignment of error nearly mirrors direct appellate counsel's third and fourth assignments of error. Therefore, these arguments could be considered as part of the reopening of those original assignments of error which failed primarily because of direct appellate counsel's failure to file a transcript of the suppression hearing.
 {¶ 25} Relative to the authentication of state's exhibit one (appellant's first assignment of error, "Issue I") since it is a new issue of law raised by current appellate counsel that was not addressed by trial counsel who also served as direct appellate counsel, we find that this is essentially a claim of ineffective assistance of trial counsel. Such a claim is an improper basis for reopening an appeal under App.R. 26(B). See Smith; Nero;Cruz. However, with regard to the remaining assignments of error (appellant's first assignment of error, "Issue II"; appellant's second assignment of error, "Issue I" and "Issue II"), we find that they would be part of the reopening of appellant's second, third and fourth original assignments of error.
 {¶ 26} In our view, appellant has raised a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal on the original second, third, and fourth assignments of error raised by direct appellate counsel. Accordingly, we find his application to reopen well-taken with regard to these assignments of error.
 {¶ 27} This appeal is hereby reopened for the purpose of considering the assignments of error stated above. Appellant is ordered to supplement the record with a transcript of the hearing on the motion to suppress within ten days after the date of this order. Appellant is further ordered to file his assignments of error within 20 days after supplementing the record. This case shall proceed as provided in the Rules of Appellate Procedure. It is so ordered.
APPLICATION GRANTED.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.