JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, DeShawn Jackson ("Jackson"), appeals his convictions and agreed sentence after his guilty plea. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2003, Jackson was charged with two counts of murder. Jackson pled guilty to an amended indictment, which charged voluntary manslaughter and felonious assault. He was sentenced to nine years for voluntary manslaughter and four years for felonious assault, to run consecutively, for a total sentence of thirteen years.
 {¶ 3} Jackson filed a delayed appeal, raising five assignments of error, which will be addressed together and out of order where appropriate.
 Plea {¶ 4} In his first, second, and third assignments of error, Jackson argues that his guilty plea was not made knowingly, intelligently, or voluntarily. First, he claims his plea should be held invalid because the trial court failed to advise him of the possibility of consecutive sentences. Jackson also claims his plea should be held invalid because he was not advised by his counsel or the trial court that felonious assault and voluntary manslaughter are allied offenses. He claims that because they are allied offenses, he could be convicted of only one pursuant to R.C. 2941.25.
 {¶ 5} A guilty plea waives all appealable orders except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary acceptance of the plea. State v.Spates, 64 Ohio St.3d 269, 272-273, 1992-Ohio-130,595 N.E.2d 351. A guilty plea will be considered knowing, intelligent, and voluntary if, before accepting the plea, the trial court, at the very least, substantially complied with the procedures set forth in Crim.R. 11. State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 6} Crim.R. 11(C)(2) provides,
"In felony cases the court may refuse to accept a plea ofguilty * * *, and shall not accept a plea of guilty * * * withoutfirst addressing the defendant personally and doing all of thefollowing:
 (a) Determining that the defendant is making the pleavoluntarily, with understanding of the nature of the charges andof the maximum penalty involved, and, if applicable, that thedefendant is not eligible for probation or for the imposition ofcommunity control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that thedefendant understands the effect of the plea of guilty * * *, andthat the court, upon acceptance of the plea, may proceed withjudgment and sentence.
(c) Informing the defendant and determining that the defendantunderstands that by the plea the defendant is waiving the rightsto jury trial, to confront witnesses against him or her, to havecompulsory process for obtaining witnesses in the defendant'sfavor, and to require the state to prove the defendant's guiltbeyond a reasonable doubt at a trial at which the defendantcannot be compelled to testify against himself or herself."
 {¶ 7} In the instant case, Jackson entered into a plea bargain in which he agreed to plead guilty to two separate crimes in exchange for a thirteen-year sentence. We find that Jackson knowingly, intelligently, and voluntarily entered into a plea agreement with an agreed sentence. Prior to accepting Jackson's guilty pleas, the trial court explained to him that by entering a guilty plea he was admitting guilt and that he would be waiving his right to a trial by jury, the right to confront witnesses, the right to compulsory process of witnesses, the right to be proven guilty beyond a reasonable doubt, and the right against self-incrimination. The trial court also fully apprised Jackson of the nature of the offenses, the range of the minimum and maximum penalties and the fines provided for each offense, the possibility of the imposition of post-release control, and the potential consequences for a violation of post-release control. The trial court also inquired whether Jackson had been threatened or promised anything in exchange for his plea.
 {¶ 8} Jackson responded that he understood. He never raised any issue regarding his plea or questioned the possibility of any sentence. He did not dispute his counsel's statement that the only agreement made involved "what has been spread on the record."
 {¶ 9} We find that the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11 and strictly complied with Crim.R. 11's constitutional mandates. Thus, his plea was made knowingly, intelligently, and voluntarily.
 {¶ 10} Although we find that the court satisfied the mandates of Crim.R. 11, Jackson, nevertheless, argues that his guilty plea was not made knowingly, intelligently, and voluntarily because the trial court did not advise him of "the maximum penalty involved." Specifically, he claims that the trial court failed to inform him of the possibility of consecutive sentences.
 {¶ 11} This court has consistently followed the Ohio Supreme Court's decision in State v. Johnson (1988), 40 Ohio St.3d 130,532 N.E.2d 1295, holding that the "failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." Id. at syllabus. See,State v. Gooch, 162 Ohio App.3d 105, 2005-Ohio-3476,832 N.E.2d 821; State v. Kerin, Cuyahoga App. No. 85153, 2005-Ohio-4117;State v. McGee, Cuyahoga App. No. 77493, 2001-Ohio-4238. The court reasoned that the language in Crim.R. 11(C) refers to the maximum penalty for each individual charge to which the defendant is pleading, not to the cumulative total of all sentences received for all charges. Johnson, supra at 133.
 {¶ 12} Therefore, we find that the trial court's failure to advise Jackson of the possibility of consecutive sentences does not render his plea invalid. We also find that his plea was made knowingly, intelligently, and voluntarily despite Jackson's argument that he was not advised that felonious assault and voluntary manslaughter are allied offenses.
 {¶ 13} First, Ohio courts have repeatedly upheld plea agreements that are knowingly, intelligently, and voluntarily entered into even if the defendant argues that his plea included allied offenses. State v. Stansell (Apr. 20, 2000), Cuyahoga App. No. 75889; State v. Richard (Nov. 10, 1999), Cuyahoga App. No. 74814; State v. Styles (Oct. 9, 1997), Cuyahoga App. No. 71052, motion for delayed appeal denied (1998),84 Ohio St.3d 1410, 701 N.E.2d 1020; State v. Coats (Mar. 30, 1999), Franklin App. No. 98AP-927; State v. Graham (Sept. 30, 1998), Franklin App. No. 97APA11-1524. "An agreement that is knowingly and voluntarily entered into by the defendant is sufficient to withstand any later attack even when the attack involves a plea to allied offenses." Styles, supra, citing State v. Butts
(1996), 112 Ohio App.3d 683, 679 N.E.2d 1170.
 {¶ 14} Therefore, the fact that his plea may have included allied offenses does not per se invalidate the plea. The plea can be invalidated only if the defendant can show that his plea was not made knowingly, intelligently, or voluntarily. As we have previously determined, Jackson has not met such burden. Accordingly, the fact that his plea may have contained allied offenses does not render his plea invalid.
 {¶ 15} Furthermore, in order to challenge the validity of a plea, a defendant must show a prejudicial effect. Nero, supra at 108. "Failure to comply with nonconstutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415,814 N.E.2d 51, citing Nero, supra at 108. The test for prejudice is "whether the plea would have otherwise been made." Id. Jackson has not demonstrated that he suffered prejudice by entering into the plea agreement. To the contrary, Jackson benefitted from his plea bargain. As indicted, he faced two counts of murder, both punishable by life imprisonment. Pleading guilty to voluntary manslaughter and felonious assault, as amended, in exchange for a thirteen-year sentence is a better deal than the potential of life in prison.
 {¶ 16} Moreover, we need not address the issue of whether voluntary manslaughter and felonious assault are allied offenses because Jackson has waived any argument on appeal regarding allied offenses by failing to raise the issue during his plea hearing and then by ultimately entering into a plea agreement containing an agreed sentence.
 {¶ 17} If a defendant fails to raise the issue of allied offenses at trial, the issue is waived for purposes of appeal unless plain error is shown. State v. Comen (1990),50 Ohio St.3d 206, 211, 553 N.E.2d 640; State v. Burge (1992),82 Ohio App.3d 244, 249, 611 N.E.2d 866 ("Appellant did not object at trial to his conviction and sentence on the basis that the offenses with which he was charged were allied offenses of similar import, and so waives the argument on appeal.");Stansell, supra. Therefore, we must determine whether the trial court committed plain error in failing to determine whether voluntary manslaughter and felonious assault are allied offenses.
 {¶ 18} Plain error consists of an obvious error or defect in the trial proceeding that affects a substantial right. Crim.R. 52(B). Under this standard, reversal is warranted only when the outcome of the proceedings below would have been different absent the error. Stansell, supra, citing State v. Lindsey,87 Ohio St.3d 479, 482, 2000-Ohio-465, 721 N.E.2d 995. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. Richard, supra, citing State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804.
 {¶ 19} The Double Jeopardy Clause provides that no person shall be placed in jeopardy twice for the same offense. "The double jeopardy protections afforded by the federal and state Constitutions guard citizens against * * * cumulative punishments for the `same offense.'" State v. Rance, 85 Ohio St.3d 632,634, 1999-Ohio-291, 710 N.E.2d 699, quoting State v. Moss
(1982), 69 Ohio St.2d 515, 518, 533 N.E.2d 181.
 {¶ 20} R.C. 2941.25 sets forth the conditions under which multiple punishments may and may not be imposed for the same or similar offenses.
"(A) Where the same conduct by defendant can be construed toconstitute two or more allied offenses of similar import, theindictment or information may contain counts for all suchoffenses, but the defendant may be convicted of only one. (B)Where the defendant's conduct constitutes two or more offenses ofdissimilar import, or where his conduct results in two or moreoffenses of the same or similar kind committed separately or witha separate animus as to each, the indictment or information maycontain counts for all such offenses, and the defendant may beconvicted of all of them."
 {¶ 21} Therefore, if voluntary manslaughter and felonious assault are allied offenses of similar import and committed with the same animus, Jackson could be convicted of only one.
 {¶ 22} To determine if two crimes are allied offenses of similar import, the court must align the elements of each crime in the abstract to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. Rance, supra at 638.
 {¶ 23} If the elements do so correspond, the defendant may not be convicted of both crimes unless the court finds that the defendant committed the crimes separately or with a separate animus. Id. at 638-639. To determine whether the crimes were committed separately or with a separate animus, the facts and the defendant's conduct are considered. State v. Cooper,104 Ohio St.3d 293, 296-297, 2004-Ohio-6553, 819 N.E.2d 657.
 {¶ 24} Pursuant to R.C. 2903.03, a person is guilty of voluntary manslaughter if, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, the person knowingly causes the death of another. A person is guilty of felonious assault, under R.C. 2903.11, if he knowingly causes serious physical harm to another.
 {¶ 25} We cannot make a determination based on the record before us whether voluntary manslaughter and felonious assault are allied offenses. Irrespective of whether the elements of the two offenses align, the record before us is devoid of the facts surrounding the incident. No facts about the commission of the crimes were placed on the record by the State, the court, or Jackson. In order to determine the second prong of Rance, we must consider whether voluntary manslaughter and felonious assault were committed with the same animus. To make this determination, the court must look at the circumstances of the case. Cooper, supra. Without any facts before this court, we cannot make this determination. Therefore, we cannot address Jackson's argument that voluntary manslaughter and felonious assault are allied offenses.
 {¶ 26} Nevertheless, Jackson argues that the trial court should have examined the facts to determine whether the crimes were committed with the same animus, thus precluding a double jeopardy violation.
 {¶ 27} This court has previously held that, when a defendant pleads to multiple offenses of similar import and the trial judge accepts the plea, the court must conduct a hearing and make a determination before entering judgment as to whether the offenses were of similar or dissimilar import and whether there was a separate animus with regard to each crime committed. State v.Kent (1980), 68 Ohio App.2d 151, 428 N.E.2d 453. See, also,State v. Dunihue (1984), 20 Ohio App.3d 210, 485 N.E.2d 764. Again, because Jackson failed to raise the issue of allied offenses at his plea hearing, we review this issue under a plain error analysis.
 {¶ 28} It has been held that the failure to hold a hearing on whether two offenses were of similar import in a case involving a guilty plea is plain error. State v. Latson (1999),133 Ohio App.3d 475, 728 N.E.2d 465. However, when an agreed sentence is part of the plea agreement, the trial court does not commit plain error by failing to hold a hearing on the allied offense issue.Stansell, supra; Graham, supra; Styles, supra.
 {¶ 29} In Stansell, this court declined to extend the hearing requirement in Kent to agreed sentences. Id. We held that the imposition of the sentence to which the parties agreed as part of a proper plea agreement may not be challenged on appeal. Id., citing State v. Henderson (Sept. 27, 1999), Warren App. No. CA99-01-002; Coats, supra; State v. Stacy (May 10, 1999), Warren App. No. CA980-8-093, appeal dismissed (1999),86 Ohio St.3d 1488, 716 N.E.2d 720; Graham, supra; State v.Hooper, Columbiana App. No. 03 CO 30, 2005-Ohio-7084. Therefore, the hearing requirement as outlined in Kent applies only to plea agreements not involving an agreed sentence.
 {¶ 30} On appeal, Jackson argues that there was no agreed sentence at the time of his plea. Contrary to his argument, the record before us demonstrates that Jackson agreed to a thirteen-year sentence in exchange for his plea. At the plea hearing, the State presented the plea agreement to the court:
"Your Honor, after speaking to defense counsel after full andopen discovery in with compliance Rule 16 I believe we have cometo an arrangement with regard to this matter.
 I would ask the Count 1 originally indicted as murder beamended, that amendment being reflecting voluntary manslaughterin violation of 2903.03 of the Ohio Revised Code, that ispunishable from three to ten years in prison. And also a fine ofup to $20,000.
 Count 2 originally also murder, in violation of 2903.02, Iwould ask that that be amended to reflect felonious assault inviolation of Ohio Revised Code 2903.11. This is a felony of thesecond degree and punishable anywhere from two to eight years inprison, your Honor. Fine on that one of up to $15,000.
 Your Honor, it's also been agreed that there would be a totalof 13 years served, agreed sentence, no shock probation, no earlyrelease, and your Honor, there would also be five yearspost-release control after that prison term. Otherwise, there'sbeen no threats or promises made to defense counsel or thedefendant from the State of Ohio. And there is a factual basisfor the same."
 {¶ 31} In response, Jackson's trial counsel stated:
"Yes, judge. The statement made by Mr. Smith is accurate.We've had the opportunity to receive discovery from State of Ohioand had ample time to discuss everything. At this point it is myunderstanding Mr. Jackson would withdraw his previously enteredpleas of not guilty and enter pleas of guilty to the amendedindictment. Both count 1 and 2. He is aware of his constitutionaland statutory rights I believe he will make a knowing, voluntaryand intelligent plea. Further, your Honor, the only promise thathas been — or agreement, whatever you want to say, has been madeto us is what has been spread on the record."
 {¶ 32} Following this presentation of the plea agreement, the court addressed Jackson and entered into the required colloquy under Crim.R. 11. Jackson never personally objected to the accuracy of the plea agreement or agreed sentence. A defendant has a duty to speak when the court commits error when taking a plea. United States v. Vonn (2002), 535 U.S. 55,122 S.Ct. 1043, 152 L.Ed.2d 90. The United States Supreme Court reasoned that otherwise, "a defendant could choose to say nothing about a plain lapse" and "simply relax and wait to see if his sentence later struck him as satisfactory; if not, his Rule 11 silence would have left him with clear and uncorrected Rule 11 error." Id. at 73. The Court further explained that "the defendant who just sits there when a mistake can be fixed cannot just sit there when he speaks up later on." Id.
 {¶ 33} Following the trial court's acceptance of Jackson's guilty plea, the court proceeded to sentencing. Jackson argues that the trial court's conducting a sentencing hearing further bolsters his argument that he did not "agree" to a sentence. This is a "red herring." It is well settled that sentencing is within the sound discretion of the trial court. State v. Bailey, Knox App. No. 05-CA-13, 2005-Ohio-5329, citing State v. Mathews
(1982), 8 Ohio App.3d 145, 456 N.E.2d 539. Although the trial court should consider the recommendation proffered by the State, it is not bound to accept such recommendation. State v.Crawford (June 18, 1992), Cuyahoga App. No. 62851, citing Akronv. Ragsdale (1978), 61 Ohio App.2d 107, 109, 399 N.E.2d 199. Therefore, it was appropriate for the court to conduct a sentencing hearing. The fact that the court imposed the same sentence recommended by both prosecutor and defense counsel demonstrates that the court agreed with and accepted the proffered sentencing recommendation.
 {¶ 34} As the court in Coats, supra, explained:
"Although there is semantic tension in attempting to reconcileliteral applications of the allied offenses statute and the R.C.2953.08(D) bar to challenge such sentences, practicality andreason dictate enforcement of a valid plea agreement * * *. Sincethe ultimate purpose of the allied offenses statute is to preventunfair, cumulative punishments for identical conduct, appellant'sexpress agreement to such a sentence should withstand any attackclaiming inequity or unlawfulness in the name of alliedoffenses."
 {¶ 35} Therefore, we conclude that an allied offense determination hearing under Kent was not required because the record demonstrates that Jackson entered into a plea agreement containing an agreed sentence. The fact that Jackson's plea agreement possibly contained allied offenses, did not render his plea invalid. Moreover, irrespective of whether voluntary manslaughter and felonious assault are allied offenses, we find that Jackson knowingly, intelligently, and voluntarily entered into a plea agreement with an agreed sentence. Finally, the trial court's failure to advise him of the possibility of consecutive sentences did not invalidate his plea. Consistent with this court's previous rulings, we find no plain error in Jackson's plea agreement containing an agreed sentence.
 {¶ 36} Accordingly, his first, second, and third assignments of error are overruled.
 Effective Assistance of Counsel {¶ 37} In his fourth assignment of error, Jackson argues that he was denied his constitutional right to effective assistance of trial counsel because his counsel failed to object or raise the issue of allied offenses at his plea hearing.
 {¶ 38} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052. To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard or reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v. Madrigal, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing Strickland, supra, at 687-688.
 {¶ 39} In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."State v. Hester (1976), 45 Ohio St.2d 71,341 N.E.2d 304, paragraph four of the syllabus. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976),48 Ohio St.2d 391, 358 N.E.2d 623, vacated on other grounds (1978), 438 U.S. 910, 57 L.Ed.2d 1154, 98 S.Ct. 3135;State v. Calhoun, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905.
 {¶ 40} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus;Strickland, supra, at 686. The failure to prove either prong of the Strickland test makes it unnecessary for a court to consider the other prong. Madrigal, supra, at 389, citingStrickland, supra, at 697.
 {¶ 41} In State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715, the court explained that the Strickland test can be applied to guilty pleas, citing Hill v. Lockhart (1985),474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. The defendant must show that counsel's performance was deficient and that a reasonable probability exists that, but for counsel's errors, he would not have pled guilty. Id. at 524 citing Hill, supra at 370.
 {¶ 42} We have previously found that Jackson knowingly, intelligently, and voluntarily entered into a plea agreement containing an agreed sentence. Although Jackson argues that a determination by the trial court whether the offenses were allied would have yielded a lesser prison sentence, Jackson invited this error by entering into a plea agreement with an agreed sentence. Invited error is not reversible error. Stansell, supra. We cannot say that his counsel was ineffective for negotiating a plea to which Jackson ultimately agreed. Moreover, Jackson has failed to demonstrate that he would not have entered into the plea agreement.
 {¶ 43} As indicted, Jackson faced two counts of murder, both punishable with life imprisonment. Jackson's trial counsel successfully negotiated a plea which amended the indictment to voluntary manslaughter and felonious assault. Pleading guilty to voluntary manslaughter and felonious assault in exchange for thirteen years in prison is a better deal than the potential of life in prison. Under the circumstances, we find that trial counsel was not ineffective and his decision not to raise allied offenses could be attributed to sound strategy. If the offenses were determined to be allied, the maximum that Jackson could receive would be ten years. Because Jackson originally faced two counts of murder, carrying possible life sentences, the State might not have agreed to amend the indictment had Jackson faced only ten years in prison.
 {¶ 44} We find that trial counsel was not ineffective for negotiating a plea bargain containing an agreed sentence when Jackson ultimately accepted the sentence which was shorter than he originally faced. {¶ 45} Accordingly, Jackson's fourth assignment of error is overruled.
 Blakely Argument {¶ 46} In his final assignment of error, Jackson argues that his sentence violates Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, because the imposition of consecutive sentences was based on findings neither found by a jury nor admitted by him. However, the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, relieves the trial court of any obligation to make findings or state reasons for the sentence imposed.
 {¶ 47} Nevertheless, because the sentence was agreed to by the parties as part of a plea bargain, Jackson's sentence is not subject to appellate review. State v. Ranta, Cuyahoga App. No. 84976, 2005-Ohio-3692. R.C. 2953.08(D) provides:
"A sentence imposed upon a defendant is not subject to reviewunder this section if the sentence is authorized by law, has beenrecommended jointly by the defendant and the prosecution in thecase, and is imposed by a sentencing judge."
 {¶ 48} Moreover, the Ohio Supreme Court recently held inState v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095,829 N.E.2d 690, that pursuant to R.C. 2953.08(D), a sentence is not subject to review when the sentence is authorized by law, jointly recommended by the parties, and imposed by the sentencing judge. It reasoned, "[T]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." Id. at 10.
 {¶ 49} "Authorized by law" under R.C. 2953.08(D) means that the sentence falls within the statutorily set range of available sentences. State v. Gray, Belmont App. No. 02 BA 26, 2003-Ohio-805. A sentence is authorized by law as long as the prison term imposed does not exceed the maximum term prescribed by the statute for the offense. Ranta, supra, citing State v.Walker (Dec. 6, 2001), Cuyahoga App. No. 79630.
 {¶ 50} The statutory range for voluntary manslaughter, a felony in the first degree, is three to ten years. Jackson was sentenced to nine years for this charge. The statutory range for felonious assault, a felony in the second degree, is two to eight years. Jackson was sentenced to four years for felonious assault. Thus, both sentences were within the statutory range. Therefore, Jackson's agreed sentence was authorized by law. Accordingly, R.C. 2953.08 precludes review of Jackson's sentence.
 {¶ 51} We also find that Blakely has no application to agreed sentences. In Ranta, we stated:
"Furthermore, Blakely addressed only those instances inwhich a judge makes findings statutorily required for theimposition of certain sentences. Because we conclude in the caseat bar that as a result of the plea agreement no findings wererequired, Blakely does not apply for this very specificreason." Id. at ___ 17.
 {¶ 52} In State v. Woods, Clark App. No. 05CA0063,2006-Ohio-2325, the court addressed the impact of Foster on agreed sentences. In holding that Foster is not implicated, the court found that R.C. 2953.08(D) puts a Foster issue beyond appellate review when the sentence is a result of an agreement between the parties. Id. at ___ 13-15.
 {¶ 53} Therefore, contrary to both Jackson's and the State's arguments, we need not vacate the sentence or remand for resentencing under Foster because the sentence appealed arises from an agreed sentence.
 {¶ 54} Jackson again argues under this assignment of error that he did not "agree" to the thirteen-year sentence as further supported by the fact that the "trial court did not confirm the existence of an agreed sentence." There is no requirement that the trial court "confirm" that it is imposing an agreed sentence. As we previously stated, the fact that the trial court imposed the same sentence as recommended jointly by the State and defense strongly suggests the court accepted the agreed sentence. Furthermore, the record demonstrates that Jackson agreed to the thirteen-year sentence because the State presented the plea agreement to the court, Jackson's counsel confirmed that was the agreement, and Jackson never objected that the sentence was not part of the plea agreement.
 {¶ 55} Therefore, because Jackson's sentence was authorized by law, was recommended jointly by his counsel and the prosecution, and was imposed by a sentencing judge, the sentence is not subject to review. R.C. 2953.08(D). Moreover, because it was an agreed sentence, Blakely and Foster have no application.
 {¶ 56} Accordingly, Jackson's final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
J. Sweeney, P.J. and Calabrese, Jr., J. concur