OPINION
{¶ 1} Defendant-Appellant Timothy Cargle was convicted in 2002 of two counts of Robbery, with one Firearm Specification, and he was sentenced to thirteen years imprisonment. He filed a direct appeal from his sentence, resulting in a remand for re-sentencing because the trial court failed to make statutorily required findings. State v.Cargle, Montgomery App. No. 19495, 2003-Ohio-4424. At his 2003 re-sentencing hearing, Cargle stipulated to an agreed sentence of eight years. We allowed Cargle to file a delayed appeal, wherein he again challenged his sentence. That appeal resulted in the affirmance of the judgment of the trial court. State v. Cargle, Montgomery App. No. 20274,2004-Ohio-6671.
 {¶ 2} Cargle filed a petition for post-conviction relief in 2005, which the trial court summarily denied as untimely. The trial court appointed appellate counsel on August 25, 2005. Cargle filed a pro se brief four days later. In 2006, Cargle's appointed counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal. We informed Cargle that his counsel had filed an Anders brief on his behalf, and we granted him sixty days from that date in order to file a pro se brief if he so desired. In response, Cargle filed a pro se motion requesting that this court consider his original brief when deciding this case and seeking to present additional arguments based on the changes in law of sentencing as a result of the Ohio Supreme Court's holding in State v. Foster
(2006), 109 Ohio St.3d 1, 2006-Ohio-856. We granted Cargle's motion. The State filed its brief on October 23, 2006, and this appeal is ripe for disposition.
 {¶ 3} Upon preliminary review of this appeal after it was deemed submitted for decision on the merits, it has occurred to us to question whether Anders v. California, supra, applies, since this is not a direct review, on appeal, of a conviction and sentence, but an appeal from the denial of a petition for post-conviction relief. Because we have found, after performing an independent review, that there are no potential assignments of error having arguable merit, and that this appeal is wholly frivolous, we conclude that the issue of whether Cargle is entitled to the extra protections afforded to criminal defendant appellants on direct appeal under Anders v. California, supra, is moot. He has been afforded those extra protections, which include notice that counsel has filed an Anders brief on his behalf, an opportunity, taken by Cargle, to file his own, pro se brief, and an independent review of the entire record by this court.
 {¶ 4} Upon our review of the entire record of the proceedings in this case, as well as Cargle's pro se brief and supplement, we agree with the assessment of appellate counsel that there are no meritorious issues for appellate review. Cargle's 2003 direct appeal was from an agreed sentence, and resulted in an affirmance. The cases upon which he relies for the proposition that there has been a post-judgment recognition of a constitutional right "that applies retroactively to persons in the petitioner's situation," required by R.C. 2953.23(A)(1)(a) for an otherwise untimely petition for post-conviction relief, apply prospectively, only. We conclude that this appeal is wholly frivolous.
 {¶ 5} The judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.