JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Damon Seals ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm in part, vacate in part, and remand to the lower court for resentencing.
 I. {¶ 2} According to the case, on October 14, 2005, the Cuyahoga County Grand Jury indicted appellant in Case No. CR-471503 with four felonies of the third degree and two misdemeanors of the first degree. The charges in counts one through four were aggravated vehicular assault, both in violation of R.C. 2903.08(A)(1)(a) and 2903.08(A)(2), and in counts five and six were driving under the influence, in violation of R.C. 4511.19. A capias was issued for appellant in this case, Case No. CR-471503, on October 28, 2005. On November 2, 2005, appellant was arrested by the Bratenahl Police Department.
 {¶ 3} Appellant was also indicted with three additional felonies for the events of November 2, 2005. On January 20, 2006, the Cuyahoga County Grand Jury indicted the appellant in Case No. CR-475966 with two felonies of the first degree and a felony of the fifth degree; count one being possession of drugs in violation of R.C. 2925.11, count two being preparation of drugs for sale in violation of R.C. 2925.07, and count three being possession of criminal tools in violation of R.C. 2923.24. *Page 3 
 {¶ 4} On February 21, 2006, appellant entered guilty pleas to the four felony-three vehicular assault charges, the two DUI charges, and to one amended count of second-degree preparation of drugs for sale. The remaining counts were nolled. After a lengthy sentencing hearing on March 20, 2006, the trial court sentenced the appellant to a total of eleven years on both cases.
 {¶ 5} In Case No. CR-471503, the trial court imposed four years on counts one and two and ran those consecutively to each other, but concurrent to counts three and four, to which appellant also received four years. The trial court also sentenced appellant to six months on counts five and six. Additionally, the trial court imposed three years of incarceration on count two of Case No. CR-475966 and, following the plea agreement, sentenced that case to be run consecutively to Case No. 471503. The appellant filed a notice of appeal and subsequently a brief on the merits.
 II. {¶ 6} First assignment of error: "The trial's [sic] court imposition of five years instead of three years of post-release control as well as its inadequate notification of the terms of post-release control requires this sentence to be vacated and this matter remanded for a new sentencing hearing."
 {¶ 7} Second assignment of error: "The trial court erred by justifying the imposition of consecutive sentences with findings made under an unconstitutional statute." *Page 4 
 III. {¶ 8} Appellant argues that the trial court's imposition of five years instead of three years of post-release control, as well as its inadequate notification of the terms of post-release control, require the sentence to be vacated and the matter to be remanded for a new sentencing hearing.
 {¶ 9} This court finds the first portion of appellant's first argument to have merit. Appellant pled guilty to one second-degree felony, four third-degree felonies, and two misdemeanor counts of driving under the influence. R.C. 2967.28(B)(2) requires that "for a felony of the second degree that is not a felony sex offense, three years" of post-release control shall be imposed by the trial court. However, in this case, the trial court imposed five years of post-release control on appellant. Accordingly, three years is by law the term of post-release control required in this case, a nonsexual felony of the second degree. Five years is an inappropriate sentence. This matter is, therefore, remanded for a new sentencing hearing.
 {¶ 10} Although we find the first portion of appellant's argument to have merit, we do not find the second portion concerning notification to be persuasive. The evidence demonstrates that the lower court advised appellant of the terms and conditions and the appropriate time of post-release control.
 "THE COURT: Likewise, if you go to prison, once you go to prison when released you will be subjected to three years of post-release control that will involve restrictions on your activities. If you violate those you *Page 5 could be returned to prison for up to one-half of your original sentence. Do you understand that?
 THE DEFENDANT: Yes, sir.
 THE COURT: Do you understand as part of the plea agreement the sentences in both cases will run consecutively to each other. Do you understand that?
 THE DEFENDANT: Yes."[1]
 {¶ 11} We find that the trial court appropriately advised appellant of the terms and conditions of post-release control found in R.C.2929.19(B)(3)(e).
 {¶ 12} Accordingly, appellant's first assignment of error is sustained inpart and overruled in part.
 {¶ 13} Appellant argues in his second assignment of error that the trial court erred by justifying the imposition of consecutive sentences with findings made under an unconstitutional statute.
 {¶ 14} A number of appellate courts, including this court, have held that an appellant waives any arguments under Apprendi, Blakely, and their progeny through a jointly recommended sentencing agreement. SeeState v. Tillman, Huron App. No. H-04-040, 2005-Ohio-2347, at p. 5, citing Blakely (2004), 542 U.S. 296, at 2541. Accord, Dennison, at p. 12; State v. Ranta, Cuyahoga App. No. 84976, *Page 6 2005-Ohio-3692; State v. Phillips, Logan App. No. 8-05-05,2005-Ohio-4619; State v. Rockwell, Stark App. No. 2004CA00193,2005-Ohio-5213.
 {¶ 15} In addition, R.C. 2953.08, grounds for appeal by defendant or prosecutor of sentence for felony; appeal cost oversight committee, provides the following:
 "(D) (1) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 16} We have no jurisdiction to review agreed upon sentences thatare not contrary to law. Therefore, agreed upon sentences are not subject to the State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, mandate to vacate sentences made under S.B. 2. See State v. Woods, Clark App. No. 05CA0063, 2006-Ohio-2325.
 {¶ 17} A review of the record in the case at bar demonstrates that the parties jointly agreed upon and jointly recommended the sentencing agreement.
 {¶ 18} The record demonstrates that appellant agreed to consecutive sentences as part of the plea agreement. Specifically at the plea, appellee's counsel stated the following:
 "As part of this plea, the defendant agrees to the forfeiture of the Nextel phone and the Ford Bronco, and he agrees to consecutive sentences on these two cases. Consecutive sentences on these two cases in exchange for the reduction of this substantial amount of crack cocaine to an F-two amount."[2]
 {¶ 19} The trial court then, as part of the plea, recited the condition of consecutive sentences to the appellant as follows, "Do you understand as part of the plea agreement the sentences in both cases will run consecutively to each other. Do you understand that?" Appellant responded, "Yes."
 {¶ 20} At sentencing the agreed upon consecutive sentences were addressed again, "In addition, your honor, as part of this plea agreement, consecutive sentences have been agreed to. That was part of the plea agreement."[3]
 {¶ 21} Accordingly, appellant's second assignment of error is overruled.
 {¶ 22} This cause is affirmed in part, vacated in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE
JAMES J. SWEENEY, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] Tr. 9.
[2] Tr. 5.
[3] Tr. 16. *Page 1