OPINION
{¶ 1} Defendant-appellant, Christopher R. Billups ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to an aggregate term of imprisonment of 14 years following his guilty pleas to various counts in three separate criminal cases. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} For purposes of appellant's assignment of error herein, only a brief recitation of the facts is necessary. On August 17, 2005, in case No. 05CR-08-5571, appellant was indicted on one count of attempted murder with specification, one count of *Page 2 
felonious assault with specification, and one count of having a weapon under disability. Appellant was subsequently indicted on January 31, 2006, in case No. 06CR-01-836, on two counts of theft, and again on April 19, 2006, in case No. 06CR-04-2895, on two counts of breaking and entering, one count of receiving stolen property, and one count of possession of criminal tools.
 {¶ 3} The trial court held a joint plea and sentencing hearing on July 10, 2006. At the hearing, appellant pled guilty to: one count of attempted murder without specification and one count of having a weapon under disability (case No. 05CR-08-5571); one count of theft (case No. 06CR-01-836); and one count of breaking and entering (case No. 06CR-04-2895). The trial court accepted appellant's pleas and found him guilty. Pursuant to a joint recommendation of defense counsel and plaintiff-appellee, State of Ohio ("the State"), the court sentenced appellant, in case No. 05CR-08-5571, to ten years on the attempted murder charge and four years on the weapon under disability charge, to be served consecutive to each other, and concurrent with the sentences imposed in case Nos. 06CR-01-836 and 06CR-04-2895.[1] As part of the plea bargain, a nolle prosequi was entered on the remaining counts of the indictments in the foregoing cases.
 {¶ 4} Appellant appeals the trial court's judgment, advancing a single assignment of error:
 Retrospective application of the holding of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 violated the Due Process protections of the Fifth and Fourteenth Amendments and the Ex Post Facto clause of Article I, Section 10 of the United States Constitution. *Page 3 
 {¶ 5} Appellant argues that the State v. Foster,109 Ohio St.3d 1408, 2006-Ohio-1702, court's[2] severance of R.C. 2929.14(B) unlawfully deprived him of due process and unlawfully operates as an ex post facto law because it inflicts a greater punishment upon him than he would have faced under the sentencing statutes (minus the fact-finding provisions found unconstitutional in Foster) that were in place at the time he committed his crimes. As a result, appellant contends that application of Foster to his case unlawfully divests him of the right to minimum terms. He also argues that the severance remedy applied inFoster violates due process because it is a significant and unpredictable departure from, and redrafting of, the statutory law enacted by the General Assembly. Thus, appellant seeks a remand and instructions that he be sentenced to minimum concurrent sentences.
 {¶ 6} In the case sub judice, as noted by the State, appellant's 14-year aggregate sentence was the result of a joint sentencing recommendation. R.C. 2953.08(D)(1), which governs the appealability of jointly recommended sentences, provides: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Under this section, "authorized by law" means that the sentence imposed falls within the statutorily set range of available sentences, or, in other words, the sentence imposed does not exceed the maximum term prescribed by the statute for the offense. With respect appellate review of agreed-upon sentences, the Court opined in State v. Porterfield,106 Ohio St.3d 5, 10, *Page 4 2005-Ohio-3095, at ¶ 25, that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence."
 {¶ 7} In Foster, the Supreme Court of Ohio concluded that portions of Ohio's felony sentencing scheme was unconstitutional, and severed the offending sections from Ohio's sentencing code. R.C. 2953.08(D)(1), however, was not one of the sections that was severed. Nor didFoster change the statutory range of punishments. Thus, any sentence imposed upon an offender that falls within the statutory range of available sentences still remains a sentence authorized by law.
 {¶ 8} In this case, appellant pled guilty to one count of attempted murder (a felony of the first degree), one count of having a weapon under disability (a felony of the third degree), one count of theft (a felony of the fifth degree), and one count of breaking and entering (a felony of the fifth degree). The available statutory range for these offenses are: from three to ten years imprisonment for a felony of the first degree; from one to five years imprisonment for a felony of the third degree; and from six to 12 months imprisonment for a felony of the fifth degree. Appellant agreed to the 14-year aggregate sentence imposed by the trial court, and the prison term imposed falls within the statutory range. Therefore, appellant's sentence was authorized by law. Accordingly, R.C. 2953.08(D) precludes review of his sentence.
 {¶ 9} Although appellant asserts a Foster challenge to his agreed-upon sentence, we find that Foster has no application to same.Pre-Foster, this court held that jointly recommended sentences were immune from attack involving Blakely v. Washington, 524 *Page 5 
U.S. 296, 124 S.Ct. 2531. See, e.g., State v. Graham, Franklin App. No. 05AP-588, 2006-Ohio-914; State v. Brown, Franklin App. No. 05AP-375,2006-Ohio-385; State v. Jones, Franklin App. Nos. 06AP-354, 06AP-355,2006-Ohio-6654. Given that Foster is premised on Blakely, we are, likewise, compelled to conclude that Foster does not apply to agreed-upon sentences. In doing so, we note that other appellate districts are in accord. See, e.g., State v. Spurling,
1st Dist. No. C-060087, 2007-Ohio-858; State v.Giesley, 3rd Dist. No. 5-06-31, 2006-Ohio-6851; State v.Bower, 4th Dist. No. 06CA3058, 2006-Ohio-6472; State v.Carrico, 5th Dist. No. 2005CA00324, 2007-Ohio-559;State v. Seals, 8th Dist. No. 88047, 2007-Ohio-819; andState v. Kimble, 11th Dist. No. 2005-T-0085,2006-Ohio-6096. Accordingly, appellant's assignment of error is overruled.
 {¶ 10} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 BRYANT and FRENCH, JJ., concur.
[1] The trial court, pursuant to the joint recommendation, sentenced appellant to a one year term of imprisonment in case no. 06CR-01-836, and a one year term of imprisonment in case No. 06CR-04-2895, to run concurrent with each other, as well concurrent with the sentence imposed in case No. 05CR-08-5571.
[2] In response to the Foster decision, the defendant-appellant Andrew Foster timely filed a motion for reconsideration, arguing that the severance remedy applied in Foster violates the Ex Post Facto and Due Process Clauses of the United States Constitution. The Supreme Court of Ohio denied the motion without setting forth the reason(s) for the denial. See State v. Foster, 109 Ohio St.3d 1408, 2006-Ohio-1703. *Page 1