JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Daniel Montgomery ("Montgomery"), appeals his agreed sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In early 2003, Montgomery was charged with aggravated murder, with notice of felony murder and firearm specifications, murder with firearm specifications, and two counts of aggravated arson, also with firearm specifications, related to the shooting death of Father William Gulas. In October 2003, Montgomery pled guilty in an amended indictment to one count of murder with a three-year firearm specification and one count of aggravated arson with a three-year firearm specification. Montgomery and the plaintiff-appellee, State of Ohio ("State"), agreed to a sentence of twenty-four years to life in prison. On the same day, the court accepted the recommended sentence and sentenced Montgomery to three years on the firearm specifications, to run prior to and consecutive to fifteen years to life on murder, which was to run consecutive to six years for aggravated arson, for a total sentence of twenty-four years to life in prison.
 {¶ 3} Montgomery filed a delayed appeal in December 2003. Montgomery's appellate counsel then filed a motion for voluntary dismissal pursuant to Anders v. California (1967), 386 U.S. 738, 87 S. Ct. 1396,18 L. Ed. 2d 493, and App.R. 28, which this court granted and subsequently dismissed the appeal in 2004.
 {¶ 4} In November 2006, Montgomery filed an application to reopen his appeal, which we treated as a motion to reconsider and granted, thereby reinstating *Page 4 
his original appeal in 2007.
 {¶ 5} In his appeal, Montgomery raises three assignments of error for our review. His first assignment of error states:
 "The trial court erred when it sentenced appellant to a more than the minimum prison term, pursuant to R.C. 2929.14(B), based upon finding[s] of fact not presented to a jury or admitted during his plea and sentencing hearing in violation of appellant's state and federal due process and trial by jury rights."
His second assignment of error provides:
 "The trial court erred by imposing consecutive prison terms upon appellant, pursuant to R.C. 2929.14(E) and R.C. 2929.14(A), after making judicial findings of fact not presented to a jury or admitted during appellant's plea or sentencing hearing, thus violating appellant's due process and trial by jury rights of the Ohio and United States Constitutions."
 {¶ 6} In both of these assignments of error, Montgomery is arguing that the trial court erred in imposing sentences pursuant to sentencing statutes that were deemed unconstitutional in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. We disagree. We find that because the sentence was agreed to by the parties as part of a plea bargain, Montgomery's sentence is not subject to appellate review. State v. Ranta, Cuyahoga App. No. 84976, 2005-Ohio-3692.
 {¶ 7} Before Foster was decided, several Ohio appellate courts had held that *Page 5 
an appellant waives any arguments under Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 if there is a jointly recommended sentencing agreement. See State v.Graham, Franklin App. No. 05AP-588, 2006-Ohio-914; Ranta, supra;State v. Phillips, Logan App. No. 8-05-05, 2005-Ohio-4619; State v.Rockwell, Stark App. No. 2004CA00193, 2005-Ohio-5213. BecauseFoster is premised on Blakely, we have found that the holding inFoster also does not apply to a jointly recommended sentence. State v.Hall, Cuyahoga App. No. 87059, 2007-Ohio-414, discretionary appeal not allowed, 114 Ohio St.3d 1413, 2007-Ohio-2632; State v. Seals, Cuyahoga App. No. 88047, 2007-Ohio-819; State v. Richardson, Cuyahoga App. No. 87886, 2007-Ohio-8; State v. Jackson, Cuyahoga App. No. 86506,2006-Ohio-3165; see also State v. Billups, Franklin App. No. 06AP-853,2007-Ohio-1298, at ¶ 9.
 {¶ 8} R.C. 2953.08(D)(1), which governs the appealability of jointly recommended sentences, provides: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "Authorized by law" means that the sentence imposed falls within the statutorily set range of available sentences, or, in other words, the sentence imposed does not exceed the maximum term prescribed by statute for the offense. Billups at ¶ 6. Thus, we have no jurisdiction to review an *Page 6 
agreed upon sentence that is not contrary to law and, further, agreed upon sentences are not subject to the Foster mandate to vacate sentences made under S.B. 2. See Hall; State v. Woods, Clark App. No. 05CA0063,2006-Ohio-2325.
 {¶ 9} After the State outlined the plea agreement and informed the court that an agreed sentence was part of the plea agreement, the court inquired further of Montgomery, stating as follows:
 Court: "And do you understand there has been an agreed sentence of incarceration in this matter?"
 Montgomery: I understand.
 Court: And you understand that this court will honor that agreement?
 Montgomery: I understand."
 {¶ 10} A review of the record in this case clearly shows that Montgomery and the State jointly agreed upon and recommended the sentence to the trial court, which the trial court accepted and then imposed.
 {¶ 11} Thus, we find that Foster is inapplicable to this case.[1]
The first and second assignments of error are overruled.
 {¶ 12} In his third assignment of error, Montgomery argues that his trial counsel was ineffective because counsel allowed him to accept a plea bargain when the attorney should have known that the imposition of the sentence "would be repugnant *Page 7 
to the Ohio and United States Constitutions' due process and right to jury trial provisions."
 {¶ 13} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052. To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v.Madrigal, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing Strickland at 687-688.
 {¶ 14} In evaluating whether a petitioner has been denied the effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v. Hester (1976),45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976), 48 Ohio St.2d 391,358 N.E.2d 623, vacated on other grounds (1978), 438 U.S. 910, 57 L.Ed.2d 1154,98 S.Ct. 3135; State v. Calhoun, 86 Ohio St.3d 279, 289, 1999-Ohio-102,714 N.E.2d 905. *Page 8 
 {¶ 15} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus; Strickland at 686. The failure to prove either prong of the Strickland test makes it unnecessary for a court to consider the other prong. Madrigal at 389, citing Strickland at 697.
 {¶ 16} In State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, the court explained that the Strickland test can be applied to guilty pleas, citing Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366,88 L.Ed.2d 203. The defendant must show that counsel's performance was deficient and that a reasonable probability exists that, but for counsel's errors, he would not have pled guilty. Id. at 524, citing Hill at 370.
 {¶ 17} Montgomery argues that his trial counsel was ineffective because he allowed Montgomery to accept a more than the minimum and consecutive prison sentence. We find no ineffectiveness on the part of trial counsel. Montgomery faced the possibility of the death penalty if convicted of the charges as indicted. Instead, his counsel negotiated a plea and agreed sentence that made Montgomery eligible for parole after twenty-four years in prison.
 {¶ 18} The third assignment of error is overruled.
 {¶ 19} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and MARY J. BOYLE, J., CONCUR
[1] Also, Foster applies only to cases pending on direct review when it was decided in February 2006. Montgomery's appeal was not pending when Foster was decided, but was reinstated in 2007. *Page 1