O’Donnell, J.,
dissenting.
{¶ 36} Respectfully, I dissent.
{¶ 37} The Second District Court of Appeals agreed with the state of Ohio that its decision in this case conflicted with judgments of the Third, Eighth, Tenth, and Twelfth District Courts of Appeals, and it certified the following question to the Supreme Court for resolution:
{¶ 38} “Is an agreed and jointly recommended sentence ‘authorized by law’ under R.C. 2953.08(D)(1), and thus not reviewable, when the agreed sentence includes convictions for offenses that are allied offenses of similar import?”
Appealability of a Felony Sentence
{¶ 39} R.C. 2953.08(A) provides:
{¶ 40} “In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
{¶ 41} “(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 or section 2929.142 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
{¶ 42} “(a) The sentence was imposed for only one offense.
*374 {¶ 43} “(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
{¶ 44} “(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
{¶ 45} “(3) The person was convicted of or pleaded guilty to a violent sex offense or a designated homicide, assault, or kidnapping offense, was adjudicated a sexually violent predator in relation to that offense, and was sentenced pursuant to division (A)(3) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, ‘designated homicide, assault, or kidnapping offense’ and ‘violent sex offense’ have the same meanings as in section 2971.01 of the Revised Code. As used in this division, ‘adjudicated a sexually violent predator’ has the same meaning as in section 2929.01 of the Revised Code, and a person is ‘adjudicated a sexually violent predator’ in the same manner and the same circumstances as are described in that section.
{¶ 46} “(4) The sentence is contrary to law.
{¶ 47} “(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(a) of section 2929.14 of the Revised Code.
{¶ 48} “(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code.” (Emphasis added.)
{¶ 49} Importantly, for purposes of review here, the statute carves out an all-inclusive exception in R.C. 2953.08(D)(1), which states: “A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.”
*375 {¶ 50} The R.C. 2953.08(D)(1) exception applies if three conditions are satisfied: the sentence is authorized by law, it has been jointly recommended by the parties, and it is imposed by the court.
{¶ 51} As we explained in State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 37, “[a] cardinal rule of statutory interpretation is that ‘[a] court must look to the language and purpose of the statute in order to determine legislative intent.’ State v. Cook (1998), 83 Ohio St.3d 404, 416, 700 N.E.2d 570. ‘[WJhen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.’ State v. Kreischer, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, syllabus.” Further, as the court noted in state v. Hull, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 18, “courts are not free to delete or insert other words.”
{¶ 52} Notably, the exception to the appealability of sentences provided in R.C. 2953.08(D)(1) does not contain an exclusion for allied offenses. The General Assembly could have created such an exclusion, but it did not. Our duty is to apply the statute as written, not to read words into it that are not there. See Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 37; Hull, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 18.
{¶ 53} In State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, we addressed the appealability of a jointly recommended sentence in the context of a trial court that failed to make findings in connection with imposing a consecutive sentence. Justice O’Connor, writing for the court, there stated:
{¶ 54} “Porterfield’s sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge. Pursuant to R.C. 2953.08(D), Porterfield’s sentence is not subject to review. * * * The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.” Id. at ¶ 25.
{¶ 55} The parties here do not dispute that the prosecuting attorney prepared and filed a written sentencing recommendation seeking a two-year term of incarceration, or that Underwood and his attorney agreed to that sentence. Also, there is no dispute that the trial court imposed that sentence. At issue here is whether a recommended and agreed-upon sentence is authorized by law when it includes convictions for allied offenses.
Authorized by Law
{¶ 56} The phrase “authorized by law” refers to the punishment for an offense that the General Assembly has authorized a trial court to impose. For the offenses at issue in this case, the General Assembly has authorized in R.C. *376 2929.14(A)(3) a penalty for aggravated theft, a felony of the third degree, of one, two, three, four, or five years, and in R.C. 2929.14(A)(5) a penalty for theft, a felony of the fifth degree, of six, seven, eight, nine, ten, 11, or 12 months.
{¶ 57} The sentence imposed by the trial court in this case conforms to those statutes and has therefore been authorized by the legislature. The court imposed concurrent terms of incarceration of two years for aggravated theft in violation of R.C. 2913.02(A)(2) for an amount over $100,000, one year for aggravated theft in violation of R.C. 2913.02(A)(3) involving theft of the same amount, and six months for each of the two theft counts in violation of R.C. 2913.02(A)(2) and (3), each involving an amount over $500.
{¶ 58} Notably, every appellate district in Ohio — but for the Second District in this case — has similarly concluded that a sentence is authorized by law if it is within the statutory range of possible sentences established by the legislature. See State v. Royles, 1st Dist. Nos. C-060875 and C-060876, 2007-Ohio-5348, 2007 WL 2892017, ¶ 8; State v. Giesey, 3d Dist. No. 5-06-31, 2006-Ohio-6851, 2006 WL 3771982, at ¶ 9; State v. Duran, 4th Dist. No. 06CA2919, 2007-Ohio-2743, 2007 WL 1616628, at ¶ 11; State v. Starner, 5th Dist. No. CT2006-0038, 2007-Ohio-1219, 2007 WL 803648, at ¶ 9-13; State v. Eskridge, 6th Dist. No. L-06-1013, 2007-Ohio-4712, 2007 WL 2683556, at ¶ 15; State v. Smith, 7th Dist. No. 06-BE-64, 2007-Ohio-5244, 2007 WL 2851932, at ¶ 43; State v. Montgomery, 8th Dist. No. 83914, 2008-Ohio-443, 2008 WL 322830, at ¶ 8; State v. Mangus, 9th Dist. No. 23666, 2007-Ohio-5033, 2007 WL 2781202, at ¶ 10; State v. Billups, 10th Dist. No. 06AP-853, 2007-Ohio-1298, 2007 WL 853335, at ¶ 6; State v. Owens, 11th Dist. No. 06 JE 50, 2008-Ohio-3071, 2008 WL 2485593, at ¶ 7; State v. Miniard, 12th Dist. No. CA2006-03-074, 2007-Ohio-458, 2007 WL 313489, at ¶ 10.
{¶ 59} The majority opinion cleverly conflates the phrase “authorized by law” with the phrase “contrary to law.” While the former refers to what the General Assembly of this state has provided as a punishment for an offense, the latter is a description of an act taken by a court that imposes punishment that does not conform with what the legislature has prescribed. See, e.g., State v. Lodge, Montgomery App. No. 2004 CA 43, 2005-Ohio-1908, 2005 WL 937759, ¶ 64. See also Griffin & Katz, Ohio Felony Sentencing Law (2008) 1211, Section 10:8 (“Ignoring an issue or factors which a statute requires a court to consider renders the resulting judgment ‘contrary to law* ”).
{¶ 60} It is almost as if the majority seeks to challenge past decisions of this court holding that a contrary-to-law judgment is void and to propose that it should be voidable. Using examples of postrelease control and imposition of consecutive sentences — not at issue here — the majority has managed to go far afield of the narrow issue in this case: whether R.C. 2953.09(D)(1), the exception to the right of a defendant to appeal a felony sentence, itself contains an exclusion *377 for allied offenses. Even a cursory review reveals that it does not. And for good reason. Underwood entered into a plea-bargained arrangement with the state and received exactly what he bargained for. Furthermore, he neither asked the court to merge the sentences as allied offenses nor objected at the time of sentencing on that basis and has now forfeited that right.

Enforceability of a Plea Bargain

{¶ 61} The record reveals that Underwood agreed to plead no contest to four charges in exchange for the state’s recommendation that he serve a maximum of two years’ incarceration. A plea bargain is a contract, see State v. Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50, subject to contract-law standards, see Baker v. United States (C.A.6, 1986), 781 F.2d 85, 90, and enforceable by specific performance, see Santobello v. New York (1971), 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427. He bargained with the state to achieve a desired outcome, avoided a potentially longer term of imprisonment, and is now precluded from challenging his convictions as allied offenses of similar import. Underwood having accepted and received the benefit of the recommended sentence, the plea agreement “is sufficient to withstand any later attack even when the attack involves a plea to allied offenses.” State v. Styles (Oct. 9, 1997), Cuyahoga App. No. 71052, 1997 WL 626058, *3. A defendant is “prohibited from appealing the trial court’s acceptance of the agreed sentence in an attempt to circumvent the terms of the plea agreement at the expense of the interests of the state.” State v. Graham (Sept. 30,1998), 10th Dist. No. 97APA11-1524, 1998 WL 680968, *3.

Forfeiture

{¶ 62} Underwood neither asked the court at the time of sentencing to merge the allied offenses nor objected to the failure of the court to do so, and pursuant to State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23, his failure to preserve an objection forfeits the ability to claim error on appeal absent a showing of plain error. In State v. Gardner, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 78, we explained, “Plain error is not present unless but for the error complained of, the outcome of the trial would have been different.”
{¶ 63} Here, Underwood has failed to demonstrate plain error because he has not shown that the outcome of the proceeding would have been different. At the time he entered pleas of no contest to the four counts in the indictment, the court could have imposed a potential maximum sentence of 12 years’ incarceration. R.C. 2929.14(A)(3) and (5). Moreover, even if the trial court had applied R.C. 2941.25(A) and merged the allied offenses, the applicable sentencing statute authorized a potential maximum term of incarceration of up to six years. Id. However, because of the plea-bargained agreement, where the state exacted no- *378 contest pleas to four counts, Underwood received a recommended two-year sentence, which the court imposed. Accordingly, Underwood cannot demonstrate that the court would have imposed a lesser sentence if it had merged the allied offenses, and he cannot demonstrate that the proceeding would have had a different outcome.
{¶ 64} A sentence involving allied offenses that is authorized by law, jointly recommended by the parties, and imposed by the trial court is not subject to review because R.C. 2953.08(D)(1) contains no exclusion for allied offenses.
{¶ 65} This conclusion is further fortified by the decisions in six appellate districts holding that R.C. 2953.08(D)(1) precludes appellate review of jointly recommended sentences imposed for convictions of allied offenses. See State v. Sawyer, 183 Ohio App.3d 65, 2009-Ohio-3097, 915 N.E.2d 715, ¶ 69-71 (First District) (agreed sentence of three years upheld despite claims that two counts of aggravated assault were allied offenses); State v. Turrentine, 3d Dist. No. 1-08-18, 2008-Ohio-3231, 2008 WL 2579702, ¶ 12-13 (agreed sentence of 15 years upheld despite claims that convictions for two counts of rape and one count of gross sexual imposition included convictions for allied offenses); State v. Baird, 7th Dist. No. 06-CO-4, 2007-Ohio-3400, 2007 WL 1898045, ¶ 16 (agreed sentence of 11 years not subject to appellate review despite claims that convictions for rape and gross sexual imposition were allied offenses); State v. Jackson, 8th Dist. No. 86506, 2006-Ohio-3165, 2006 WL 1705133, ¶ 13 (agreed sentence of 13 years upheld despite claims that convictions for voluntary manslaughter and felonious assault were allied offenses); State v. Henderson (Sept. 27, 1999), 12th Dist. No. CA99-01-002, 1999 WL 761002, *2 (agreed sentence of 12 years upheld, including conviction for escape, despite claims that convictions for two counts of aggravated robbery were allied offenses); State v. Graham (Sept. 30, 1998), 10th Dist. No. 97APAll-1524, 1998 WL 680968, *3 (agreed sentence of 16 years upheld, including convictions for specifications, despite claim that convictions for involuntary manslaughter and aggravated robbery were allied offenses).
Conclusion
{¶ 66} A sentence in a criminal case that has been authorized by law, agreed to and jointly recommended by the parties, and imposed by a trial court in conformity with a plea-bargained agreement and applicable statutes is not subject to review even if that sentence includes convictions for allied offenses of similar import.
{¶ 67} Accordingly, the certified question should be answered in the affirmative, and the judgment of the Second District Court of Appeals should be reversed.
Lundberg Stratton and Cupp, JJ., concur in the foregoing opinion.